```
                                                              -PS-O-
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DETRIA LEGG,

                Plaintiff,

        -v-                                    06-CV-6583T
                                               ORDER
MICHAEL A. BATTLE, ESQ. and
CHRISTOPHER V. TAFFE,

                Defendants.
_____
```

Plaintiff Detria Legg, proceeding pro se, brings this action against defendants Michael A. Battle, the former United States Attorney for the Western District of New York, and Assistant United States Attorney Christopher Taffe seeking $2,000,000 to $3,000,000 in damages for the defendants alleged violation of her civil rights, infliction of personal injuries, and taking of personal property. According to the Complaint, the defendants are the Attorneys for the Veteran's Administration Hospital in Bath, New York, where plaintiff was employed for a brief period of time. Plaintiff claims that the Hospital incorrectly reported certain income and/or contribution amounts to the IRS, and therefore, she is entitled to damages against the defendants, as attorneys for the Hospital.

Defendants now move for summary judgment on grounds that plaintiff has failed to state a cause of action upon which relief can be granted. Defendants contend that based on plaintiff's

deposition testimony, in which she admitted that she made no claim against the defendants personally, and stated that she did not believe that the defendants caused the allegedly improper reporting of income or contribution amounts, plaintiff has failed to allege any cognizable cause of action against them.  Because the plaintiff has failed to allege that the defendants engaged in any tortious conduct, or any conduct that would give rise to any civil liability, she has failed to state a claim upon which relief may be granted.  (Thomas v. Roach, 165 F.3d 137, 147 (2nd Cir., 1999)(where plaintiff fails to allege personal involvement of individual plaintiff in tortious conduct, tort action not sustainable against that individual); Oster v. Aronwald, 567 F.2d 551, 553 (2nd Cir., 1977)(plaintiff must allege personal involvement by defendant to state claim of constitutional violation by that defendant)), Accordingly, I grant defendants' motion for summary judgment, and dismiss plaintiff's complaint with prejudice.

    **ALL OF THE ABOVE IS SO ORDERED.**

                           S/ Michael A. Telesca

                           _____
                              MICHAEL A. TELESCA
                          United States District Judge

Dated:    March 11, 2009
         Rochester, New York